## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| JAMISON STIRILING, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:12CV2279 JCH |
| | ) | |
| ST. LOUIS COUNTY POLICE | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs Jamison Stiriling and Thomas Knibb's motions for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915.  Upon consideration of the financial information provided with the motions, the Court finds that plaintiffs are financially unable to pay any portion of the filing fee.  As a result, plaintiffs will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Furthermore, after reviewing the complaint, the Court will direct plaintiffs to submit an amended complaint.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from

such relief.  An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.  Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiffs bring this action under 42 U.S.C. § 1983.  Named as defendants are the St. Louis County Police Department (the "Department"); Robert Rinck (Police Officer); Steven Schue (same); John Does 1-7 (same); and Robert Fox, Jr. (Associate City Counselor).

Plaintiffs brought a previous civil suit against the Department and Rinck in this Court.  See Stirling v. St. Louis County Police Dept., 4:11CV1932 AGF (E.D. Mo.). Plaintiffs alleged that Rinck and a St. Louis County Building Inspector engaged in a pattern and practice of harassment and intimidation relating to their alleged attempts to evict them from multiple residences in St. Louis County.  Plaintiffs filed for temporary injunctive relief in that action, based on plaintiffs' allegations on illegal

searches into their premises.  The parties reached an agreement, and the Court denied the motion as moot.  The case is ongoing.

Plaintiffs allege in the instant complaint that "immediately after the filing of [the above] Civil Rights action . . . and continuing to the present date the Defendants began to engage in a pattern of retaliatory harassment of the Plaintiffs."  Plaintiffs claim that "shortly after being advised [of the temporary restraining order] hearing," several of the John Doe defendants surrounded their house, "pound[ed] on the doors and windows, and demanded entry into [the] residence."  Plaintiffs claim that Thomas Knibb was inside the residence and that he did not come out because he was "[afraid] of unlawful detention, search, or assault]" by the John Doe defendants.

Plaintiffs allege that the John Doe defendants remained positioned around the residence such that Thomas Knibb and Jacob Knibb were unable to attend the temporary restraining order hearing for "fear" of being detained by the officers.

Plaintiffs claim that Jaqualine Perkins attempted to pick up Thomas and Jacob Knibb and take them to the hearing.  Ms. Perkins left the residence without them. Plaintiffs allege John Does 1 and 2 stopped her vehicle shortly after that.

Plaintiffs allege that

on January 23, 2012 Defendant Robert Rinck and Defendant Steven Schue forced, intimidated, encouraged and/or coached Plaintiff Thomas Knibb in to writing multiple discarded, and one false final statement in

exchange for promised police protection or action by St. Louis County Police, Defendant Robert Rinck and Defendant Steven Schue.

That on or about January 23, 2012 Defendant Steven Schue placed a wanted for questioning warrant in the St. Louis County Police computer in exchange for such false statement given by Plaintiff Thomas Knibb.

That on or about January 23, 2012 Defendant Schue entered a malicious wanted for questioning charging Plaintiff with trespassing and simulating the service process.

That such wanted for questioning remained active for more than six months.

That in late August or early September of 2012 Plaintiff Jamison Stirling surrender to the St. Louis County Justice to address such wanted for questioning.

That warrant staff notified Defendant Schue as soon as Plaintiff Jamison Stirling surrendered.

That Defendant Steven Schue was aware he had 24 hours to question Plaintiff Jamison Stirling, obtain a warrant for his arrest, or cause him to be released, but waited 26 hours before coming to the St. Louis County Justice Center and completing the necessary paperwork that would allow the Plaintiff to be release.

That Defendant Officer Schue purposely delayed going to the St. Louis County Justice Center to have Plaintiff Jamison Stirling release in retaliation for Plaintiff Jamison Stirling filing a Civil Rights action against Defendant Robert Rinck and other St. Louis County Police Officers and employees.

That while the Plaintiff was in the St. Louis County Justice Center Defendant Officer Schue contacted the St. Louis County Justice Center and advised the jail officials Plaintiff Jamison Stirling has a communicable disease.

-4-

That while Plaintiff Jamison Stirling was in the St. Louis County Justice Center Defendant Steven Schue maliciously and vindictively took actions to make the conditions of Plaintiff's confinement worse.

Plaintiff's claim that defendant John Doe 3 stopped plaintiff Thomas Knibb's vehicle without probable cause and searched it without consent. Plaintiffs say that on August 21, 2012, John Doe 4 arrested Knibb on an outstanding warrant and searched his vehicle without consent.

Plaintiffs assert that on October 16, 2012, John Does 5, 6, and 7 followed them home, stopped them in their driveway, pulled them from their vehicle, and searched their vehicle without their consent.

Plaintiffs maintain that in August or September 2012 defendant Robert Fox, Jr., advised the Court that plaintiff Stirling had a communicable disease.

Plaintiffs believe that the motions Fox has filed in the previous civil litigation before this Court have caused the St. Louis police officers to retaliate against them by taking the action listed above. Plaintiffs seek monetary damages.

## Discussion

Plaintiffs' claim against the Department is legally frivolous because it is not a suable entity. Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 81 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities

-5-

suable as such."); <u>Catlett v. Jefferson County</u>, 299 F. Supp. 2d 967, 968-69 (E.D. Mo. 2004) (same).

Plaintiffs' only allegation against Rinck is that he and Schue bargained with Thomas Knibb to have Knibb write a "false final statement in exchange for promised police protection or action by St. Louis County Police, [Rinck], and [Schue.]" The nature of the alleged statement is unstated. This allegation does not rise to the level of a constitutional violation. As a result, plaintiffs' claim against Rinck is legally frivolous.

Plaintiffs' allegations against Schue regarding the placement of a warrant, causing Stirling to be held for 26 hours, and causing Stirling's conditions of confinement at the St. Louis County Justice Center are so vague and conclusory as to fail to state a claim upon which relief can be granted.

Plaintiff's allegations against Fox, i.e., that he notified the Court that Stirling had a communicable disease, do not state a claim for relief under § 1983.

Plaintiffs' claims against the John Doe defendants state a claim under § 1983 for retaliation. To succeed on his § 1983 retaliation claim, plaintiff must prove that he engaged in protected activity and that defendants, to retaliate for the protected activity, took adverse action against plaintiff that would chill a person of ordinary firmness from engaging in that activity. <u>See Revels v. Vincenz</u>, 382 F.3d 870, 876 (8th Cir.2004),

cert. denied, 546 U.S. 860 (2005).  Plaintiffs allegations that the John Doe defendants surrounded their house and harassed them for having filed a civil action in this Court sufficiently states such a claim.  However, the Court cannot serve these defendants because their identities are unknown.

The complaint is subject to dismissal under 28 U.S.C. § 1915(e).  Because plaintiff is proceeding pro se, however, the Court will allow plaintiff to file an amended complaint.  Plaintiff shall have thirty days from the date of this Order to file an amended complaint.  Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not realleged are deemed abandoned.  E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005).  If plaintiff fails to file an amended complaint within thirty days, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motions to proceed in forma pauperis [Docs. 2-3] are **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiffs shall file an amended complaint no later than thirty days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that if plaintiffs fail to timely file an amended

complaint, the Court may dismiss this action without further proceedings.

Dated this <u>13th</u> day of December, 2012.


/s/Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE